IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:11-520-CMC |
| v. | **OPINION and ORDER** |
| Tracey Emanuel Douglas, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three claims relating to alleged ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

Defendant contends he received ineffective assistance of counsel relating to his entry into a plea agreement with the Government and at sentencing. *See generally* Mot. to Vacate (ECF No. 259). The Government argues in opposition that Defendant makes no contention that absent counsel's alleged ineffectiveness, he would not have entered a guilty plea and would have insisted on proceeding to trial.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective

1

assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The same two-part test applies in the context of cases in which a defendant entered a guilty plea. But because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S.___, 31 S.Ct. 733, 741 (2011). To establish prejudice in the context of a guilty plea, Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo*, 562 U.S. ___, 131 S. Ct. at 745 (2011).

Defendant does not indicate, in any of his filings, that absent counsel's alleged ineffectiveness, he would not have entered a guilty plea and would instead have proceeded to trial. Accordingly, for this and the reasons stated in the Government's response regarding the merits of Defendant's claims, the court **grants** the Government's motion for summary judgment and this motion is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 27, 2013

3